940 F.2d 671
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Raymond CASEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-4003.
 United States Court of Appeals, Tenth Circuit.
 July 31, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Raymond Casey appeals the district court's denial of his motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255. In 1985, petitioner pleaded guilty to second-degree murder in the United States District Court for the District of Utah and was sentenced to twenty-five years imprisonment. He did not appeal his conviction, but later filed a Sec. 2255 motion, alleging that (1) his due process rights were violated when the district court failed to conduct a competency hearing before accepting his plea; and (2) his counsel provided ineffective assistance in connection with his guilty plea. The magistrate judge, based on the record and memoranda and affidavits submitted, recommended that petitioner's motion be denied. The district court affirmed. That denial without an evidentiary hearing is the subject of the instant appeal.
 
 
 3
 A hearing to determine a defendant's competency is required only "if information comes to the trial court's attention that raises a bona fide doubt about the defendant's competency to stand trial." United States v. Newman, 733 F.2d 1395, 1400 (10th Cir.1984). A defendant is considered competent "if he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him." Id. Applying this standard to the instant case, we are convinced that petitioner was sufficiently competent to enter a valid guilty plea. Defense counsel had a psychiatrist examine petitioner the day before his plea. The psychiatrist found him competent to stand trial. The record also indicates that petitioner was aware of the charges against him, that he was able to consult intelligently with his attorneys, and that he understood the consequences of his plea. Moreover, the district judge had the opportunity to observe petitioner, and through elicitations from him confirmed that the plea was knowing and voluntary and was supported by a factual basis. Although petitioner was on pain medication as the result of a head injury, he stated and the trial court found that it did not impair his reasoning.[1] Under these circumstances, the district court did not err in accepting petitioner's plea without a competency hearing.
 
 
 4
 Petitioner also contends that the district court, in considering his Sec. 2255 motion, should have conducted an evidentiary hearing to determine his mental state at the time of his plea and sentencing hearings. Petitioner argues that he is entitled to such a hearing when one of the grounds for relief in a Sec. 2255 motion is mental incompetency at the time of a plea. Although we have made general statements to that effect, see McDonald v. United States, 341 F.2d 378 (10th Cir.1965), cert. denied, 385 U.S. 936 (1966), that has never been applied literally. See Machibroda v. United States, 368 U.S. 487, 494-95 (1962). Section 2255 provides that a hearing is not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief...." 28 U.S.C. Sec. 2255. In the instant case, the district court judge was the person before whom the plea was taken and was the person who found petitioner competent in the first place. When the Sec. 2255 motion was under consideration he had before him the transcripts from the plea and sentencing hearings, defendant's statement in advance of his guilty plea, affidavits from defendant's attorneys, and the report of the defense's psychiatrist who examined petitioner one day before he entered the guilty plea. We agree with the district court that it provides evidence conclusive enough of petitioner's competency to warrant denial of an evidentiary hearing.
 
 
 5
 Finally, petitioner argues that he did not receive effective assistance of counsel in connection with his guilty plea; that but for his counsel's failure to investigate or present evidence of petitioner's incompetence, he would not have pleaded guilty to second-degree murder. To prevail on his ineffective assistance of counsel claim, petitioner must show that (1) his counsels' representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his counsels' errors, the result of the plea proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).
 
 
 6
 The record indicates that petitioner's counsel provided adequate assistance in connection with his plea. Counsel evaluated petitioner's competency through an independent psychiatric examination and provided the trial court with information regarding petitioner's head injury and use of pain medication. The affidavits of counsel also show that they investigated the case and believed that a plea of guilty in exchange for the government's recommendation of twenty-five years imprisonment was in petitioner's best interest. Petitioner has presented no evidence to show that any further investigation would have resulted in any different outcome.
 
 
 7
 AFFIRMED.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The court stated:
 Based our [sic] answers to my questions, having observed you, your having signed this Statement in Advance of Plea of Guilty, I find that your plea of guilty to Second Degree Murder has been made freely and voluntarily, that you, in fact, are guilty of that crime, that you are competent to have entered the plea. Even though you have taken some drugs, it doesn't affect your competence or judgment. The plea of guilty is accepted and entered.
 Reporter's transcript of plea hearing, January 11, 1985; Brief of Appellee, Attachment A at 19-20.